**BROWN & CONNERY, LLP**
**BY: William M. Tambussi, Esquire (3139)**
**360 Haddon Avenue**
**P.O. Box 539**
**Westmont, NJ 08108**
**(856) 854-8900**

**Attorneys for Plaintiff**
**Steven J. Monaco**

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN J. MONACO,**<br><br>**Plaintiff**<br><br>**v**<br><br>**THE CITY OF CAMDEN; THE CITY OF CAMDEN POLICE DEPARTMENT; CAPTAIN WAYNE LANDHAM; JOHN DOES I through X (fictitious names of persons more fully described herein); JOHN DOE ENTITIES I through X (fictitious names of entities more fully described herein), jointly, severally and in the alternative,**<br><br>**Defendants** | **CIVIL ACTION NO.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Steven J. Monaco, residing at 56 Appletree Lane, Sewell, New Jersey 08080, by way of Complaint against the defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, says:

**JURISDICTION AND VENUE**

1. The plaintiff Steven J. Monaco brings this action against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, to recover damages for deprivation and violation of rights

secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. §1983, and by the New Jersey Constitution.

2. In this action the plaintiff Steven J. Monaco seeks redress for defendants violations of his Fourth Amendment rights to be free from excessive force, unlawful arrest, false imprisonment, and malicious prosecution; for defendants violations of his Fifth and Fourteenth Amendment rights to due process of law; for defendants violation of plaintiff's rights provided by 42 U.S.C. §1983; for conspiring with each other to violate plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments; for defendants violations of plaintiff's State constitutional rights, including his rights to be free from excessive force, his rights to be free from false arrest, false imprisonment, malicious prosecution, malicious abuse of process, police harassment, intimidation, retaliation, emotional distress and negligent acts; and for defendants conspiracy to commit these violations.

3. This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343(a) for violation of constitutional rights as provided in 42 U.S.C. §1983. The plaintiff seeks monetary damages as well as attorneys fees and costs pursuant to 42 U.S.C. §1988.

4. The plaintiff Steven J. Monaco also invokes the supplemental jurisdiction of this Court over plaintiff's state law claims against defendants pursuant to 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the initial acts complained of occurred in the City of Camden, County of Camden, and State of New Jersey.

6. Notice of claim against defendants, City of Camden, City of Camden Police Department and its employees, as required by N.J.S.A. 59:8-1 et seq., was served upon the City of Camden by certified mail, return receipt requested, on August 7, 2002.

**THE PARTIES**

7. At all relevant times plaintiff Steven J. Monaco ("Mr. Monaco") was and is a citizen of the United States and the State of New Jersey, residing at 8 Appletree Lane, in the Township of Sewell, County of Camden, and State of New Jersey.

8. At all relevant times defendant, City of Camden, was the employer of the individual defendants and a body politic of the State of New Jersey, and as such, was responsible for institutionalized policies and practices of its Police Department, had disciplinary control over subordinate members of its Police Department and had the authority and responsibility to prevent ongoing violations of constitutional and common law rights by members of its Police Department.

9. At all relevant times defendant, City of Camden, was the employer of individual defendants and had both the authority and the responsibility to prohibit institutionalized policies and practices of its Police Department which fostered, permitted or acquiesced in violations of the constitutional rights of citizens.

10. At all relevant times defendants John Doe I through John Doe X were individuals employed by the City of Camden and/or the City of Camden Police Department and were acting in such capacity and under color of state law. The defendants denominated herein as John Doe I through John Doe X are fictitious names for individuals employed by the City of Camden and/or the City of Camden Police Department whose true identities are currently unknown to plaintiff but will be ascertained through discovery in this matter.

11. At all relevant times defendants John Doe Entity I through John Doe Entity X were entities that were acting under color of state law and acted in support of the other defendants actions. The defendants denoted herein as John Doe Entity I through John Doe Entity

X whose true identities are currently unknown to plaintiff but will be ascertained through discovery in this matter.

12. At all relevant times defendant Captain Wayne Landham ("Cpt. Landam) was a police captain employed by the City of Camden and/or the City of Camden Police Department and was acting in such capacity and under color of state law.

**FACTS**

13. On May 31, 2002 at approximately 5:15 p.m., plaintiff Steven J. Monaco paid $10.00 to park his motor vehicle in a parking lot of a Marina located in the vicinity of The Tweeter Center, in the City of Camden, County of Camden and State of New Jersey for the purposes of attending a concert in the Tweeter Center.

14. After parking his motor vehicle, plaintiff Mr. Monaco contacted his friends, who were also in the aforesaid parking lot, via cellular telephone, in an attempt to meet them prior to entering the Tweeter Center for the concert.

15. Plaintiff Mr. Monaco successfully contacted his friends and met them in the parking lot shortly after his arrival at same.

16. At approximately 6:00p.m., a fight broke out approximately thirty (30) feet away from where the plaintiff and his friends were located in the parking lot.

17. At no time during the course of the aforesaid fight did plaintiff Mr. Monaco participate, become involved or become in close proximity to the location of the fight.

18. Immediately after the fight began, several defendants John Does I through X arrived at the parking lot where the fight had occurred and immediately began yelling and shouting at the crowd to vacate the area of the parking lot at once. Additionally, defendants John Does I through X began pushing people out of parking lot.

19. At this time, plaintiff Mr. Monaco began to walk out of the aforesaid parking lot in an attempt to attend the concert at the Tweeter Center.

20. As plaintiff Mr. Monaco was exiting the parking lot defendants John Does I through X ran towards Mr. Monaco and shouted "I think that is him!!!"

21. Suddenly and without prior warning, defendants John Does I through X struck the plaintiff Mr. Monaco in the head with their night sticks, knocked and/or threw plaintiff to the ground, face first, in a violent fashion thereby causing his face to strike the rocky pavement, repeatedly struck the plaintiff while he was on the ground, handcuffed the plaintiff and continued to repeatedly strike the plaintiff throughout all parts of his body despite being handcuffed.

22. Furthermore, as plaintiff Mr. Monaco attempted to raise his face off of the rocky pavement, defendants John Does I through X forcefully thrust Mr. Monaco's face back into the rocky pavement.

23. The defendants John Does I through X then placed plaintiff Mr. Monaco in the back of a patrol car.

24. As a result of the aforesaid actions of defendants, John Does I through X, plaintiff Mr. Monaco was bleeding profusely from his face, and in particular, the areas of his nose and chin.

25. Both before being placed into the patrol car and while in the patrol car, plaintiff, Mr. Monaco made repeated requests for medical attention, to receive treatment for his obvious injuries, to defendants John Does I through X.

26. Defendants John Does I through X denied every one of plaintiff, Mr. Monaco's repeated requests for medical attention despite the obvious and glaring need for same.

27. Plaintiff Mr. Monaco was forced to sit in the back of the patrol car by defendants

John Does I through X for approximately fifteen (15) minutes until he was physically removed by the defendants and placed in to the back of wagon with several other individuals who were also handcuffed.

28. Defendants John Does I through X then transported plaintiff Mr. Monaco to the City of Camden Police Station where defendants physically removed plaintiff from the back of the wagon, pushed plaintiff against a wall and repeatedly threatened plaintiff to stay in a straight line and not move.

29. Thereafter, defendants John Does I through X placed plaintiff Mr. Monaco into an elevator and then directed him to stand outside of a jail cell while he remained handcuffed.

30. While standing handcuffed, outside of a jail cell, defendant Cpt. Landham physically removed plaintiff Mr. Monaco's personal property from his person, in particular, defendant removed plaintiff's wallet from his pants and defendant searched through same.

31. During the course of defendant, Cpt. Landham's search of plaintiff, Mr. Monaco's wallet, defendant discovered and removed plaintiff's drivers license and a Safety Card issued by the New Jersey Fraternal Order of Police ("FOP Card").

32. Thereafter, defendant Cpt. Landham interrogated plaintiff Mr. Monaco regarding how plaintiff obtained the FOP Card and who issued same to plaintiff.

33. Plaintiff Mr. Monaco responded to defendant, Cpt. Landham's questioning and advised defendant that a relative and/or close friend of plaintiff's father had issued the FOP Card to him.

34. Shortly thereafter, defendant Cpt. Landham transported plaintiff Mr. Monaco to the restroom in the City of Camden Police Department and removed Mr. Monaco's handcuff's from behind his person and recuffed Mr. Monaco in the front of his person.

35. As defendant Cpt. Landham removed plaintiff Mr. Monaco's handcuffs, defendant threatened, intimidated and instructed Mr. Monaco that *"If you try anything I will make you look worse!!!"*

36. As a result of the fear and intimidation inflicted upon him, plaintiff Mr. Monaco did not move, and as such, could not wash his face, which continued to bleed profusely from both the nose and chin.

37. Thereafter, defendant Cpt. Landham recuffed plaintiff Mr. Monaco behind his back, transported him and placed plaintiff in a jail cell where plaintiff sat for approximately two (2) hours while he continued to bleed from the nose, chin and other parts of his face.

38. While plaintiff Mr. Monaco sat in the jail cell for approximately two (2) hours, defendant Cpt. Landham and defendants John Does I through X repeatedly made intimidating, offensive and demeaning comments to Mr. Monaco and often laughed at him saying, *"Look at the pretty boy's face."*

39. After being tormented and harassed in the jail cell by defendants Cpt. Landham and John Does I through X for approximately two (2) hours, plaintiff Mr. Monaco was physically removed from the jail cell by defendants John Does I through X and was placed in a room to talk to one of the defendants John Does I through X.

40. Once placed in the room, plaintiff Mr. Monaco was interrogated by a defendant, John Does I through X, who first asked Mr. Monaco if he had been drinking alcohol on the night in question.

41. Plaintiff Mr. Monaco was not drinking on the night in question and responded to the defendant's interrogation accordingly.

42. Defendant then asked plaintiff Mr. Monaco what was he drinking.

43. Again, plaintiff Mr. Monaco responded to the defendant's questioning and advised him that he had not been drinking.

44. Thereafter, defendant insisted, threatened, and coerced the plaintiff and stated to the plaintiff, *"You have two choices you can spend the night in jail or say you had a Coors Light!!!"*

45. Plaintiff Mr. Monaco again told the officer that he did not have any alcoholic beverages to drink.

46. Then, defendant proceeded to write a summons for drinking in public, threatened and intimidated plaintiff Mr. Monaco and stated, *"You will go to Court and plead guilty, if you try to screw me I will get you for five other offenses!"*

47. Defendant then physically placed the summons on plaintiff Mr. Monaco's person and put the summons into Mr. Monaco's pocket.

48. At *NO* time during the course of the aforesaid events, more specifically numbered as (13) through (47) herein, was plaintiff Mr. Monaco told by defendants Cpt. Landham and John Does I through X that he was under arrest nor did defendants Cpt. Landham and John Does I through X ever issue Miranda warnings to plaintiff Mr. Monaco.

49. Defendants City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X failed to make, draft and/or complete a report and/or make any record of this particular incident, excessive use of force, detention, arrest, interrogation, and summons involving plaintiff Mr. Monaco.

50. Plaintiff Mr. Monaco was later released to the care of his friends, who waited for him outside of the Camden City Police Station, several hours after the initial contact with defendants.

51. Immediately after being released from the police station, plaintiff Mr. Monaco's friends took him to the Cooper Hospital Emergency Room.

52. While at Cooper Hospital, plaintiff Mr. Monaco was treated for a broken nose; received several sutures on his chin; underwent a CT Scan of the head; cleaned and bandaged the remaining cuts on his face and gave him percocets for pain associated with his injuries.

53. A plea of not guilty as to the summons for drinking in public issued by defendants was entered on behalf of plaintiff Steven J. Monaco by correspondence to the Court, dated June 18, 2002.

54. All of the acts of defendants set forth above and herein were done under the color of state law.

**FIRST COUNT**

(Fourth Amendment Violations)

55. Plaintiff Steven J. Monaco hereby incorporates paragraphs (1) through (54) as if same were set forth at length herein.

56. Plaintiff Steven J. Monaco's detention and arrest by defendants Cpt. Landham and John Does I through X was done with actual malice and knowledge that the detention and arrest was without any legal justification, probable cause, or objectively reasonable belief that probable cause for an arrest existed.

57. The excessive use of force, detention, arrest, handcuffing and confinement of plaintiff, the harassment and intimidation of plaintiff, and the prosecution of plaintiff by defendants Cpt. Landham and John Does I through X in concert with defendants, City of Camden, City of Camden Police Department, John Does I through X and John Doe Entities I through X were done with actual malice, and knowledge that said acts were without legal

justification or probable cause, and for the purpose of retaliating against plaintiff for the exercise and invocation of his constitutional rights.

58. The excessive use of force, detention, handcuffing and confinement of plaintiff in excess of two (2) hours was done by defendants Cpt. Landham and John Does I through X with actual malice and knowledge that said acts were without any legal justification, probable cause, or objectively reasonable belief that there was probable cause to detain and imprison plaintiff.

59. Defendants Cpt. Landham and John Does I through X initiation and prosecution of a summons charging plaintiff with drinking in public, in violation of Municipal Ordinance 1017, and their confinement of plaintiff in excess of two (2) hours in connection therewith was done with actual malice and knowledge that said acts were without any legal justification, probable cause, or objectively reasonable belief that there was probable cause to initiate and prosecute these charges against plaintiff. In fact, notwithstanding defendants actual knowledge that there was no probable cause or legal justification for prosecuting these charges against plaintiff, he nonetheless signed the summons and proceeded with the prosecution for the purpose of retaliating against and punishing plaintiff for pursuing his claim.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs;
4. such other relief as is just and proper.

## SECOND COUNT

(Violations of Fourteenth and Fifth Amendment)

60. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (59) as if same were set forth at length herein.

61. The excessive use of force, detention, arrest and confinement of plaintiff, Steven J. Monaco, on May 31, 2002, was done by defendants Cpt. Landham and John Does I through X in concert with defendants, the City of Camden, the City of Camden Police Officers, John Does I through X and John Doe Entities I through X with actual malice and knowledge that said acts were without any legal justification or probable cause, in violation of plaintiff's rights to Due Process under the Fourteenth Amendment to the United States Constitution, and these acts by defendants did in fact deprive plaintiff of such rights.

62. The excessive use of force, detention, arrest and confinement of plaintiff, Steven J. Monaco, on May 31, 2002 was done by defendants Cpt. Landham and John Does I through X in concert with defendants, the City of Camden, the City of Camden Police Department, John Does I through X and John Doe Entities I through X with actual malice and knowledge that said acts were without any legal justification or probable cause, in violation of plaintiff's rights to due process under the Fifth Amendment to the United States Constitution, and these acts by defendants did in fact deprive plaintiff of his rights.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs;
4. such other relief as is just and proper.

**THIRD COUNT**

(Violations of 42 U.S.C. § 1983)

63. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (62) as if same were set forth at length herein.

64. Each of the acts of defendants alleged in this Complaint were done by the defendants under color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New Jersey from which they obtain their governmental authority.

65. The actions which were taken by the defendants infringed upon the plaintiff's civil rights as guaranteed, in part, by the Civil Rights Act, Title 42 of the United States Code, Section 1983.

66. The conduct of the defendants deprived the plaintiff of the right not to be deprived of any rights, privileges or immunities secured by the Constitution and laws of this country.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

**FOURTH COUNT**

(Conspiracy)

67. Plaintiff hereby incorporates paragraphs (1) through (66) as if same were set forth at length herein.

68. The concerted actions of defendants City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X as set forth in Paragraphs (1) through (66) and in the First, Second, and Third Counts above, constituted an agreement between and among these defendants to deprive plaintiff of and violate his rights secured by the Fourth, Fifth, Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

69. By reason of said conspiracy between and among these defendants, they are jointly and severally liable to plaintiff for the damages he has incurred.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

## STATE LAW CLAIMS

## FIFTH COUNT

(False Arrest, False Imprisonment and Assault and Battery)

70. Plaintiff Steven J. Monaco hereby incorporates paragraphs (1) through (68) as if same were set forth at length herein.

71. The excessive use of force, arrest, forcible handcuffing, detention and imprisonment of plaintiff, by defendants Cpt. Landham and John Does I through X in concert with defendants City of Camden, City of Camden Police Department, John Does I through X and John Doe Entities I through X was done with actual malice and knowledge that said acts were without any legal justification or probable cause.

72. As a result thereof, plaintiff Steven J. Monaco was deprived of his liberty and freedom, suffered severe personal injuries, suffered humiliation and embarrassment, and was otherwise injured and damaged.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

**SIXTH COUNT**

(Malicious Prosecution /Malicious Abuse of Process)

73. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (72) as if same were set forth at length herein.

74. The issuance of process against plaintiff and the prosecution of the summons, charging plaintiff with drinking in public, in violation of Municipal Ordinance 1017, were done by defendants with actual malice and knowledge that said acts were without any legal justification or probable cause.

75. As a result thereof, plaintiff was compelled to incur legal fees and costs for his defense against such charges, was caused to lose fees and income while attending the court proceedings, and was otherwise injured and damaged.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham,, John Does I through X and John Doe Entities I through X, jointly, severally or any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

**SEVENTH COUNT**

(New Jersey Constitutional Law Violations)

76. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (74) as if same were set forth at length herein.

77. The intentional, malicious and unprivileged arrest of plaintiff by defendants Cpt. Landham and John Does I through X in concert with defendants, City of Camden, City of Camden Police Department, John Does I through X and John Doe Entities I through X was violative of Article I, ¶¶ 1,5, and 7 of the New Jersey Constitution (1947).

78. As a result thereof, plaintiff was deprived of his liberty interests and was otherwise injured and damaged.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

**<u>EIGHTH COUNT</u>**

(Conspiracy)

79. Plaintiff Steven J. Moanco hereby incorporates Paragraphs (1) through (78) as if same were set forth at length herein.

80. The concerted actions of defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, as set forth in Paragraphs (7) through (79) above, constituted an agreement between and among these defendants to commit the violations of plaintiff's State constitutional and common law rights alleged in the Fifth through Seventh Counts above.

81. By reason of said conspiracy between and among these defendants, they are jointly and severally liable to plaintiff for the injuries and damages he has incurred.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

## NINTH COUNT

(Negligence)

82. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (81) as if same were set forth at length herein.

83. Some or all of the aforesaid acts of defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, in violation of plaintiff's State constitutional rights, were committed negligently and without due regard for the rights of plaintiff.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

## TENTH COUNT

(Emotional distress)

84. Plaintiff Steven J. Monaco hereby incorporates Paragraphs (1) through (83) as if same were set forth at length herein.

85. Some or all of the aforesaid acts of defendants City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X were conducted recklessly or with the intent of causing the plaintiff severe emotional distress.

86. The conduct of defendants City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X was extreme and outrageous, which caused the plaintiff to incur severe emotional distress as a result of the previously mentioned conduct.

**WHEREFORE** the plaintiff, Steven J. Monaco, demands judgment against defendants, City of Camden, City of Camden Police Department, Captain Wayne Landham, John Does I through X and John Doe Entities I through X, jointly, severally or in any combination thereof, for:

1. compensatory damages;
2. punitive damages;
3. attorneys fees and costs; and
4. such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

**TAKE NOTICE** that the plaintiff, Steven J. Monaco, hereby demands a trial by jury on all issues.

**BROWN & CONNERY**
Attorneys for plaintiff,
Steven J. Monaco

Dated: May 25, 2004

By: /s/William M. Tambussi
William M. Tambussi

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I, William M. Tambussi, Esquire, hereby certifies as follows:

1. To the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration proceeding.

2. To the best of my knowledge, no other action or arbitration proceeding is contemplated.

3. To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BROWN & CONNERY, LLP**
Attorneys for plaintiff,
Steven J. Monaco

Dated: May 25, 2004

By: /s/ William M. Tambussi
William M. Tambussi