[Docket Item #58]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. MONACO, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 04-2406 |
| CITY OF CAMDEN, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

William M. Tambussi, Esq.
Shawn C. Huber, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
    Attorneys for Plaintiff Steven J. Monaco

Emmett E. Primas, Jr., Esq.
The Heard Building
20 East Centre Street
Woodbury, NJ 08096
    Attorney for Defendants Sergeant Michael Hall and Officer
    Richard Verticelli

Mark M. Cieslewicz, Esq.
CITY OF CAMDEN OFFICE OF CITY ATTORNEY
City Hall, Suite 419
P.O. Box 95120
Camden, New Jersey 08101-5120
    Attorney for Defendants City of Camden, City of Camden
    Police Department, Officer Lawrence Norman, Officer Miguel
    Rodriguez and Officer Luis Sanchez

**SIMANDLE**, District Judge:

    This matter originated when Plaintiff, Steven J. Monaco ("Plaintiff") filed a complaint alleging that certain defendants (including the City of Camden and several Camden City police

officers) violated his constitutional rights through the use of excessive force, unreasonable seizure and unlawful arrest while he was attending a concert at the Tweeter Center in Camden, New Jersey.  This matter is before the Court upon Plaintiff's appeal from U.S. Magistrate Judge Ann Marie Donio's March 30, 2007 Order (the "March 2007 Order") denying Plaintiff's motion in which Plaintiff sought to amend his complaint for a second time in order to add seven additional defendants.  For the reasons expressed below and finding no clear error, the Court will affirm Magistrate Judge Donio's March 2007 Order.

I.     **BACKGROUND**

   A.    **Underlying Facts**

On the evening of May 31, 2002, Plaintiff was in a parking lot located next to a concert venue (the Tweeter Center) in Camden, New Jersey preparing to attend a concert.  (Amended Complaint ¶ 12.)  Around 6:00 p.m, a fight broke out approximately thirty feet from Plaintiff to which the Camden City police responded.  (Id. ¶ 15-17.)  As Plaintiff began walking out of the parking lot at the behest of the police, Plaintiff alleges that he heard an officer shout "I think that is him" followed by several police officers throwing Plaintiff to the ground and striking him with night sticks.  (Id. ¶ 19-20.)  According to Plaintiff, he was then transported to the Camden Police Station, pushed against a wall, threatened, searched, interrogated and put

in a jail cell for two hours where he was verbally harassed by officers. (Id. ¶ 27, 29-31, 33-38.) Plaintiff was then confined for two hours, removed from the cell and interrogated by a police officer. (Id. ¶ 38-45.) Plaintiff was later released and sought medical treatment at Cooper University Hospital. (Id. ¶ 49-50.)

Two years later, on May 25, 2004, Plaintiff filed a Complaint against the City of Camden, the City of Camden Police Department and numerous police officers (including John Does I-X allegedly employed by the City of Camden Police Department) claiming that these defendants violated his constitutional rights through the use of excessive force, unreasonable seizure and unlawful arrest. Almost another year later, on March 9, 2005, this Court entered a Consent Order permitting Plaintiff to amend the Complaint (the "Amended Complaint")[1] naming several additional police officer defendants, including Officer Lawrence Norman, Officer Miguel Rodriguez, Sergeant Michael Hall, Officer

---

[1] Specifically, Plaintiff's ten-count Amended Complaint makes the following claims: (1) a 42 U.S.C. § 1983 ("Section 1983") claim that police used excessive force in Plaintiff's detention and arrest in violation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights and conspiracy to violate those rights (Counts 1-4); (2) a claim of false arrest, false imprisonment and assault and battery (Count 5); (3) a claim of malicious prosecution (Count 6); (4) a violation of the New Jersey Constitution, Art. I, ¶¶ 1, 5 and 7 and conspiracy to violate the New Jersey Constitution (Counts 7 and 8); and (5) claims of negligence and emotional distress (Counts 9 and 10). This Court has jurisdiction over Plaintiff's federal civil rights claims under 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction over Plaintiff's claims arising under New Jersey law pursuant to 28 U.S.C. § 1367.

Richard Verticelli, Officer Luis A. Sanchez, Officer Juan Rodriguez, and Officer Shay Sampson.  [Docket Item Nos. 14-15.] The Amended Complaint also retained Plaintiff's claims against individual John Doe Defendants I-X.

During the course of discovery, on July 11, 2006, certain witnesses of the events May 31, 2002 were allowed to review Camden City Police photographs in an effort to identify those officers involved.  These eyewitnesses, who Plaintiff contends had a different vantage point from Plaintiff, identified seven additional Camden City police officers: Sergeant Domingo Rivera, Officer John R. Morris, Officer William Reese, Sergeant Gary Emenecker, Officer Jorge Medina, Officer William Frampton, and Officer Rolan Carter.

### B.      Procedural History and Magistrate Judge Donio's Decision

On August 18, 2006, over two years after Plaintiff filed the Original Complaint in this matter, and more than four years after the event, Plaintiff filed a motion for leave to file a Second Amended Complaint to add seven additional defendants replacing the John Does I - VII named in the Amended Complaint filed on March 9, 2005.  Although untimely, Magistrate Judge Donio accepted Defendant City of Camden's opposition (filed on September 15, 2006) and heard oral argument on the motion on November 6, 2006.

By order dated March 30, 2007, Magistrate Judge Donio denied Plaintiff's motion for leave to amend. [Docket Item No. 57.] The March 2007 Order first establishes that the parties agreed that a cause of action for excessive force is governed by a two-year statute of limitation and that, because the incident giving rise to Plaintiff's claims occurred on May 31, 2002, the statute of limitation expired on May 31, 2004. (March 2007 Order at 4.) The March 2007 Order then laid out the issue before the Court upon Plaintiff's motion to amend -- whether New Jersey law (specifically N.J. Court Rules 4:9-3 and 4:26-4) would permit relation back with respect to Plaintiff's motion to amend his complaint.

Addressing first whether relation back is permitted under N.J. Court Rule 4:26-4, the March 2007 Order stated that relation back would be permitted if (1) Plaintiff could demonstrate that he did not know the true identity of the proposed defendants at the time the Complaint was filed; (2) Plaintiff exercised due diligence to ascertain the proposed defendant's true name before and after filing of his complaint; (3) Plaintiff included a fictitious name designation in the complaint that contained a description sufficient to identify the defendant; and (4) the proposed defendant would not be prejudiced by the delay in being named a defendant. (Id. at 7-8.) Noting that Plaintiff failed to identify any efforts made to identify the proposed defendants

5

<u>prior</u> to the expiration of the statute of limitation, Magistrate Judge Donio concluded that Plaintiff failed to meet the second requirement of Rule 4:26-4 because Plaintiff failed to show diligence in seeking the identity of the individuals Plaintiff sought to name prior to the filing of the original Complaint. (<u>Id.</u> at 9-10.)  Plaintiff's argument fails, according to the March 2007 Order, because it focuses on the efforts Plaintiff took <u>after</u> the expiration of the statute of limitation.

Next, the March 2007 Order addressed (and rejects) Plaintiff's argument that the New Jersey "discovery rule" (or fictitious name rule) permits the amendment sought in the motion to amend.  (<u>Id.</u> at 11.)  Magistrate Judge Donio rejected Plaintiff's assertion that the discovery rule tolls the accrual of the statute of limitations in this case or that the discovery rule was even applicable in this matter.  (<u>Id.</u>)

Finally, the March 2007 Order addressed whether relation back of the claims was permitted under New Jersey's general relation back rule, Rule 4:9-3.  (<u>Id.</u> at 12.)  According to the March 2007 Order, Rule 4:9-3 allows relation back if (1) the claim asserted in the amended complaint arises out of the conduct or occurrence alleged in the original complaint; (2) the new defendant(s) must have received notice of the institution of the action before the statute of limitation expired; and (3) the new defendant(s) must have known, or should have known, that but for

6

the misidentification of the proper party, the action would have been brought against him or her.  (Id.)  Concluding that the first prong of the test was met, the March 2007 Order held that Plaintiff failed to satisfy the second and third prongs of the test.  Specifically, Magistrate Judge Donio held that (a) the Plaintiff does not assert that the wrong parties were named in the complaint or that a mistake was made and (b) the Plaintiff has not met his burden of demonstrating that the proposed defendants received either actual or constructive notice of the action before the statute of limitations expired.  (Id. at 12-13.)

Plaintiff now appeals Magistrate Judge Donio's decision to this Court.  [Docket Item No. 58].  On May 4 and May 7, 2007, respectively, Defendant City of Camden and Defendants Officers Richard Verticelli and Michael Hall filed opposition to Plaintiff's appeal.  [Docket Item No. 62, 63.][2]  The Court

---

[2]  In their brief in opposition, Officers Verticelli and Hall argue that Plaintiff's appeal was untimely and should not be considered.  Fed. R. Civ. P. 72 states:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.

Defendants Verticelli and Hall argue that, because Judge Donio's order was electronically filed on March 30, 2007 and Plaintiff subsequently filed his motion on April 16, 2007, more than ten days after being served with a copy of the March 2007 Order the appeal is untimely.  Plaintiff has not responded to this

considered all submissions made by the parties (including those made by counsel to Officers Verticelli and Hall on May 15, 2007) and did not hear oral argument.

## II.  **STANDARD OF REVIEW OF APPEAL OF MAGISTRATE ORDER**

The Federal Magistrates Act provides two separate standards for judicial review of a magistrate judge's decision: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  See 28 U.S.C. § 636(b)(1)(A); accord Fed. R. Civ. P. 72(a), (b); L. Civ. R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).  A magistrate judge's decision to deny a motion to amend an amended complaint is a non-dispositive matter that must be reviewed by the district court under a clearly erroneous standard.  See Tucker v. I'Jama, No. 04-0277, 2007 U.S. Dist. LEXIS 46213, *3 (D.N.J. Jun. 25, 2007);

---

argument.

   Defendants Verticelli and Hall are not correct.  Defendants correctly note that Plaintiff was required to file an appeal within ten days of the March 2007 Order but Plaintiff has done so.  Under Fed. R. Civ. P. 6(a), when, as here, the period of time prescribed or allowed is less than eleven days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  In the present case, April 6, 2007 was Good Friday, a legal holiday and was excluded from the computation.  Consequently, April 16, 2007 (the day Plaintiff filed his appeal) was the tenth day and the deadline for filing an appeal.

Schiano v. MBNA, No. 05-1771, 2005 U.S. 35606, *7 (D.N.J. Dec. 20, 2005).³

Under the clearly erroneous standard, the district court will reverse "only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)(internal quotation omitted)); see also South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17 (D.N.J. 1988). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). Also under

---

³ In his brief in support of his appeal, Plaintiff argues that the March 2007 Order should be reviewed under a de novo standards because Magistrate Judge Donio's denial of Plaintiff's motion to amend was "dispositive" as it relates to the defendants. In support of his position, Plaintiff cites Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001). The Court disagrees and finds that Thomas, even if it was controlling, factually distinguishable. In Thomas, the court acknowledged that "[m]otions to amend are usually considered non-dispositive motions," but that because the magistrate judge's decision disposed of the plaintiff's claim under 42 U.S.C. § 1985(2), the court held that "the decision does contain dispositive elements." Id. Here, Plaintiff is not attempting to amend the complaint to add a claim, but to add additional defendants. Thus, Thomas is distinguishable.

this standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. See Cardona, 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (internal citation omitted)). "On the other hand, this Court will conduct a de novo review of a magistrate judge's legal conclusions." Cooper Hosp., 183 F.R.D. at 127 (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp., 183 F.R.D. at 127; see 12 Charles Alan Wright, Arthur B. Miller & Richard L. Marcus, Fed. Practice and Procedure: Civil 2d § 3069 (2d ed. 1997). The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. Cooper Hosp., 183 F.R.D. at 127 (citing Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993)); Phillips v. Greben, No. 04-5590, 2006 U.S. Dist. LEXIS 78419 at *9-10 (D.N.J. Oct. 27, 2006). In this case, where there is no issue of law in dispute, this Court will review Magistrate Judge Donio's decision under an abuse of discretion standard.

10

III. **DISCUSSION**

Plaintiff alleges that Magistrate Judge Donio erred in the March 2007 Order denying Plaintiff's motion to amend a second amended complaint under Fed. R. Civ. P. 15. Rule 15(a) provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and the leave shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a); see Foman v. Davis, 371 U.S. 178 (1962); Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). Although liberally granted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court under Fed. R. Civ. P. 15(a). See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Such a liberal amendment philosophy limits the district court's discretion to deny leave to amend, however, as the district court may only deny leave to amend (A) "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial" to the defendant or (B) if the amendment would be futile (i.e., the amendment fails to state a cause of action). See Adams, 739 F.2d at 864; see also Massarsky, 706 F.2d at 125.

Plaintiff raises three points in support of his appeal. First, Plaintiff argues that, because certain eyewitnesses were only recently granted the opportunity to view Camden City police officer photographs, justice requires that Plaintiff be granted

11

leave to amend.  (Pl.'s Br. at 9.)  Next, Plaintiff argues – and both the Defendants and Magistrate Judge Donio appear to agree - that there would be no undue prejudice to Defendants by allowing amendment to add the seven officers as defendants.  Finally, Plaintiff contends that amendment would not be futile due to the expiration of the statute of limitations because (a) the Defendant City should be judicially estopped from asserting such a defense; (b) the New Jersey "fictitious party" rule permits the amendment; and (c) the New Jersey "relation-back" rule permits amendment.  (Id. at 18-21.)

Because the parties agree that a two-year statute of limitations applies, the only issue is whether the requested amendment is permitted under Fed. R. Civ. P. 15(c)(1).[4]  Rule 15(c)(1) states that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . relation back is permitted by the law that provides the statute of limitations applicable to the action."  In this case, the relevant relation back rules are N.J. Court Rules 4:26-4 and 4:9-3.

### A.   Relation Back under N.J. Court Rules 4:26-4

In cases in which a plaintiff identified fictitious defendants in the complaint, New Jersey law permits the plaintiff to name new parties despite the expiration of the applicable

---

[4] According to the March 2007 Order, Plaintiff conceded at oral argument that Plaintiff was not proceeding under Fed. R. Civ. P. 15(c)(3).

statute of limitations under New Jersey Court Rule 4:26-4.  Rule 4:26-4 states:

> In any action . . . other than an action governed by R. 4:4-5 . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.  Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

Under this rule, a plaintiff must (1) demonstrate that he did not know the true identity of the proposed defendants at the time the complaint was filed; (2) exercise due diligence to ascertain the proposed defendant's true name <u>before</u> and <u>after</u> filing the complaint; (3) appropriately describe the defendant in the fictitious name designation; and (4) ensure that the proposed defendant would not be prejudiced by the delay.  See <u>DeRienzo v. Harvard Indus., Inc.</u>, 357 F.3d 348, 353 (3d Cir. 2004); <u>Marion v. Borough of Manasquan</u>, 231 N.J. Super. 320, 334 (App. Div. 1989).

The Court finds that Magistrate Judge Donio did not abuse her discretion in holding that Plaintiff had failed to meet the requirements under Rule 4:26-4.  To the contrary, Magistrate Judge Donio correctly points out that Plaintiff failed to demonstrate that he acted with the requisite due diligence in identifying the seven proposed defendants <u>prior</u> to the expiration of the statute of limitations as he is required to do. Plaintiff's arguments focus on his efforts to identify the seven

proposed defendants only <u>after</u> May 31, 2004, the date of expiration.  Absent from his motion papers before Magistrate Judge Donio (or relating to his appeal now before this Court) is an account of the efforts taken beforehand.  Such an account is necessary to take advantage of New Jersey's fictitious name rule.

    Plaintiff's arguments that he was not provided with certain police reports when he first requested them or that Plaintiff's eyewitnesses were only recently permitted to view photographs of Camden City police officers are unavailing.  Although Plaintiff's account that he was not initially provided the report is concerning to the Court, it is of little consequence in this action.  Here, the proposed defendants were identified by eyewitnesses identified by Plaintiff.  Plaintiff has put forth no valid reason why these witnesses (which were presumably identified by and available to Plaintiff prior to May 31, 2004) did not review the Camden City police photographs until June 2, 2006, over two years after the statute of limitations expired. Plaintiff has made no argument or suggestion that Defendant City of Camden's failure to provide Plaintiff with certain documentation led to this delay.  Moreover, Plaintiff has not suggested that Defendant City of Camden took steps to prevent Plaintiff's eyewitnesses from viewing pictures of Camden police officers.  In fact, Defendant City of Camden had allowed certain eyewitnesses identified by Plaintiff to view photographs prior to

14

Plaintiff's first amendment to the Complaint.  See Monaco v. City of Camden, No. 04-2406, 2007 U.S. Dist. LEXIS 36586 (D.N.J. May 18, 2007)(referring to testimony of Ms. Nicole Pangborne in which she identified Officer Verticelli as she reviewed a Camden Police photo book).  Consequently, the Court finds that Magistrate Judge Donio's decision is not contrary to law and will be affirmed.

### B.    Relation Back under N.J. Court Rules 4:9-3

New Jersey's other relation back rule is Rule 4:9-3 which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.  An amendment changing the party against whom a claims is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

R. 4:9-3.  In order for Rule 4:9-3 to apply, a plaintiff must demonstrate three things: (1) that the claim asserted in the amended complaint arises out of the conduct or occurrence alleged in the original complaint; (2) that the new defendant(s) received notice of the institution of the action before the statute of limitation expired; and (3) that the new defendant(s) knew (or

15

should have known) that, but for the misidentification of the proper party, the action would have been brought against him or her. <u>Viviano v. CBS, Inc.</u>, 101 N.J. 538, 553 (1986); <u>Arroyo v. Pleasant Garden Apartments</u>, 14 F. Supp. 2d 696, 701 (D.N.J. 1998).

Again, as with the Court's analysis with respect to Rule 4:26-4 <u>supra</u>, this Court finds that Magistrate Judge Donio did not abuse her discretion and correctly concluded that Plaintiff failed to meet prongs two and three of Rule 4:9-3's three part test.  First, Plaintiff does not assert that the wrong parties were named in the Complaint or that, but for a mistake or misidentification, the seven proposed defendants would have been named as defendants in this action before the statute of limitation expired.  Moreover, Magistrate Judge Donio was correct in concluding that Plaintiff has not met his burden of demonstrating that the proposed defendants received either actual or constructive notice of the action before the statute of limitations expired.  Indeed, the action was commenced only six days before the expiration of the statute of limitation (the Complaint was filed on May 25, 2004 and the only named individual defendant was Captain Wayne Landham).  Thus, this Court cannot conclude that Magistrate Judge Donio's conclusion here was clearly erroneous.

The Court notes that Magistrate Judge Donio was not persuaded by Plaintiff's argument that the seven proposed defendants were on notice due to media coverage of Plaintiff's case, an internal investigation into the matter conducted by the Camden Police Department and the fact that the City of Camden was named as a defendant.  This Court finds that Magistrate Judge Donio's judgment that this argument was unavailing was not clearly erroneous.  Indeed, the most likely manner in which one of the seven proposed defendants would learn of the action was through the police department's internal investigation, but this investigation, according to the March 2007 Order, did not commence until February, 2005 - approximately nine months <u>after</u> the statute of limitations expired.  Consequently, Magistrate Judge Donio's decision was not contrary to law.

**IV.  CONCLUSION**

For the reasons expressed in this Opinion, the Court will affirm the March 2007 Order from Magistrate Judge Donio. Applying the clearly erroneous standard of review, this Court finds that March 2007 Order was not contrary to law.  Thus, Plaintiff is not entitled to amend his complaint for a second time and name the seven proposed defendants as defendants in this action.

The accompanying Order is entered.

**July 23, 2007**            **s/ Jerome B. Simandle**
Date           JEROME B. SIMANDLE
          United States District Judge