UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------

STEVEN J. MONACO,

               Plaintiff,

     v.

CITY OF CAMDEN, et al.,

               Defendants.

--------------------------------

HON. JEROME B. SIMANDLE

Civil Action
No. 04-2406

**OPINION**

APPEARANCES:

William M. Tambussi, Esq.
Shawn C. Huber, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
    Attorneys for Plaintiff Steven J. Monaco

Emmett E. Primas, Jr., Esq.
The Heard Building
20 East Centre Street
Woodbury, NJ 08096
    Attorney for Defendants Sergeant Michael Hall and Officer
    Richard Verticelli

Mark M. Cieslewicz, Esq.
CITY OF CAMDEN OFFICE OF CITY ATTORNEY
City Hall, Suite 419
P.O. Box 95120
Camden, New Jersey 08101-5120
    Attorney for Defendants City of Camden, City of Camden
    Police Department, Officer Lawrence Norman, Officer Miguel
    Rodriguez and Officer Luis Sanchez

**SIMANDLE**, District Judge:

This lawsuit arises out of Plaintiff's allegations that

Defendants violated his constitutional rights by unlawfully

arresting him and using excessive force upon him while he was

attending a concert at the Tweeter Center in Camden, New Jersey.
Presently before the Court is Plaintiff's motion [Docket Item 73]
for reconsideration of the Court's July 23, 2007 Opinion and
Order [Docket Items 67 and 68] affirming U.S. Magistrate Judge
Ann Marie Donio's order denying Plaintiff's motion to file a
second amended complaint.  Plaintiff alternatively moves the
Court to certify its July 2007 Opinion for interlocutory review.
For the following reasons, the Court finds that its July 2007
Opinion contained no material legal or factual errors and that
interlocutory review is not called for, and will therefore deny
Plaintiff's motion.

I.   **BACKGROUND**

On May 31, 2002, Plaintiff was in a parking lot near the
Tweeter Center, a performance venue in Camden, New Jersey,
preparing to attend a concert.  (Am. Compl. ¶ 12.)  At
approximately 6:00 p.m., a fight erupted in the parking lot
thirty feet away from the plaintiff, to which multiple Camden
County policy officers responded, ordering everyone to vacate the
parking lot.  (Id. at ¶¶ 15-17.)  Although Plaintiff was not
involved in the fight, he claims that he was mistakenly
identified by police officers as a participant, thrown to the
ground, and beaten.  (Id. at ¶¶ 16, 19-21.)  Plaintiff alleges
that he was then taken to the Camden Police Station, where he was
searched, threatened, harassed, thrown against a wall,

interrogated, and detained in a cell.  (Id. at ¶¶ 27-45.)  Once Plaintiff was released from police custody, he went to the emergency room at Cooper Hospital, where he was treated for numerous injuries.  (Id. at ¶¶ 50-51.)

Nearly two years after these events took place, on May 25, 2004, Plaintiff filed this lawsuit against the City of Camden, the City of Camden Police Department and various police officers (including John Does I-X allegedly employed by the City of Camden Police Department), claiming that these defendants violated his constitutional rights through the use of excessive force, unreasonable seizure and unlawful arrest.  On March 9, 2005, nearly nine months after Plaintiff filed his complaint, the Court entered a Consent Order [Docket Item 15] permitting Plaintiff to file an Amended Complaint in which he named various individual police officer defendants, but retained his claims against individual John Doe Defendants I-X.[1]

On July 11, 2006, eyewitnesses to the event at the Tweeter Center were given the opportunity to view police photographs, and, according to Plaintiff, identified seven additional police officers who allegedly participated in the unlawful conduct on

---

[1]  The individual defendants newly named in the Amended Complaint are Officer Lawrence Norman, Officer Miguel Rodriguez, Sergeant Michael Hall, Officer Richard Verticelli, Officer Luis A. Sanchez, Officer Juan Rodriguez, and Officer Shay Sampson.

May 31, 2002.  (Pl.'s Br. 2.)  On August 18, 2006, more than two years after Plaintiff filed suit and more than four years after the events underlying this litigation took place, Plaintiff filed a motion requesting leave to file a second amended complaint naming the newly identified officers as defendants [Docket Item 44].[2]  As the Court explains in greater detail, <u>infra</u>, Magistrate Judge Donio denied Plaintiff's motion to amend, finding that under the two-year statute of limitations for section 1983 actions in New Jersey, Plaintiff's filing was untimely because he failed to satisfy the requirements under New Jersey law for his amendment to relate back to the date of his original pleading. Plaintiff appealed Magistrate Judge Donio's Order to this Court, and in its July 23, 2007 Opinion and Order [Docket Items 67 and 68] (the "July 2007 Opinion"), the Court affirmed Magistrate Judge Donio's Order.  Plaintiff then filed the motion for reconsideration and/or for interlocutory appeal [Docket Item 73] presently before the Court, to which the Court now turns.

## II.  DISCUSSION

Plaintiff moves alternatively for reconsideration and for certification for interlocutory review.  The Court addresses Plaintiff's motions in turn.

---

[2]  The seven officers Plaintiff seeks to name as defendants in his second amended complaint are Sergeant Domingo Rivera, Officer John R. Morris, Officer William Reese, Sergeant Gary Emenecker, Officer Jorge Medina, Officer William Frampton, and Officer Rolan Carter.

**A.   Motion for Reconsideration**

    1.   Standard Governing Motion for Reconsideration

Local Civil Rule 7.1(i) of the United States District Court,
District of New Jersey, governs Plaintiff's motion for
reconsideration.  Rule 7.1(i) requires the moving party to set
forth the factual matters or controlling legal authorities it
believes the Court overlooked when rendering its initial
decision.  L. Civ. R. 7.1(i).  Whether to grant a motion for
reconsideration is a matter within the Court's discretion, but it
should only be granted where such facts or legal authority were
indeed presented but overlooked.  See DeLong v. Raymond Int'l
Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other
grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981);
Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To
prevail on a motion for reconsideration, the movant must show
either

> (1) an intervening change in the controlling law; (2) the
> availability of new evidence that was not available when
> the court . . . [rendered the judgment in question]; or
> (3) the need to correct a clear error of law or fact or
> to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999).

    2.   The July 2007 Opinion

In its July 2007 Opinion, the Court found that Magistrate
Judge Donio's Order denying Plaintiff's motion to file a second

amended complaint was not clearly erroneous.  July 2007 Opinion,
dkt. item 67 at 9.  The Court noted that Plaintiff's motion to
amend his complaint was governed by Fed. R. Civ. P. 15(a), under
which a court may deny a plaintiff leave to amend only "if a
plaintiff's delay in seeking amendment is undue, motivated by bad
faith, or prejudicial to the defendant" or "if the amendment
would be futile (i.e., the amendment fails to state a cause of
action)."  Id. at 11 (quoting Adams v. Gould, Inc., 739 F.2d 858,
864 (3d Cir. 1984)).  Magistrate Judge Donio's Order rested on
the futility rationale, finding that because the "incident that
g[ave] rise to this action occurred on May 31, 2002 and,
consequently, the statute of limitations expired two years from
that date," unless Plaintiff's amendment "relat[ed] back under
FED. R. CIV. P. 15(c), the amendment Plaintiff s[ought was]
untimely."  March 30, 2007 Order, dkt. item 57 at 4.

    As the Court recognized in its July 2007 Opinion, whether
Plaintiff's proposed amendment related back to the date of his
original filing for statute of limitations purposes is controlled
by Fed. R. Civ. P. 15(c)(1),[3] which provides in relevant part
that "[a]n amendment of a pleading relates back to the date of

---

[3]  On December 1, 2007, an amendment to F. R. Civ. P. 15
took effect which reordered the subsections of the Rule but which
worked no substantive change.  Because the parties, Magistrate
Judge Donio, and the Court used the pre-amendment ordering of the
Rule throughout the litigation underlying the instant motion for
reconsideration, the Court will continue to reference the pre-
amendment ordering for the sake of clarity.

the original pleading when . . . relation back is permitted by
the law that provides the statute of limitations applicable to
the action."[4]   The Court upheld Magistrate Judge Donio's ruling
that neither of the New Jersey relation back rules applicable to
Plaintiff's action permitted the relation back of the claims
Plaintiff sought to add with his proposed second amended
complaint under the circumstances presented here.  Under the
first such rule, New Jersey Court Rule 4:26-4, a plaintiff who
does not know the names of the defendant may identify a
fictitious defendant in his complaint and subsequently name new
parties after the statute of limitations has expired.[5]  In order
for Rule 4:26-4 to apply, the Court recognized that four criteria
must be satisfied:

> a plaintiff must (1) demonstrate that he did not know the
> true identity of the proposed defendants at the time the
> complaint was filed; (2) exercise due diligence to

---

[4]  As the Court noted, Plaintiff conceded that he did not
seek to proceed under F. R. Civ. P. 15(c)(3).

[5]  Specifically, the rule provides in relevant part:

In any action . . . other than an action governed by R.
4:4-5 . . . if the defendant's true name is unknown to
the plaintiff, process may issue against the defendant
under a fictitious name, stating it to be fictitious and
adding an appropriate description sufficient for
identification.  Plaintiff shall on motion, prior to
judgment, amend the complaint to state defendant's true
name, such motion to be accompanied by an affidavit
stating the manner in which that information was
obtained.

N.J. Court Rule 4:26-4.

ascertain the proposed defendant's true name <u>before</u> <u>and</u>
<u>after</u> filing the complaint; (3) appropriately describe
the defendant in the fictitious name designation; and (4)
ensure that the proposed defendant would not be
prejudiced by the delay.

July 2007 Opinion, dkt. item 67 at 13 (citing <u>DeRienzo v. Harvard</u>

<u>Indus., Inc.</u>, 357 F.3d 348, 353 (3d Cir. 2004)).

The Court upheld Magistrate Judge Donio's determination that

Plaintiff failed to satisfy the second element because he did not

exercise due diligence in seeking to ascertain the identities of

the proposed new defendants before and after the filing of the

Complaint:

> The Court finds that Magistrate Judge Donio did not abuse
> her discretion in holding that Plaintiff had failed to
> meet the requirements under Rule 4:26-4.   To the
> contrary, Magistrate Judge Donio correctly points out
> that Plaintiff failed to demonstrate that he acted with
> the requisite due diligence in identifying the seven
> proposed defendants <u>prior</u> to the expiration of the
> statute of limitations as he is required to do.
> Plaintiff's arguments focus on his efforts to identify
> the seven proposed defendants only <u>after</u> May 31, 2004,
> the date of expiration.  Absent from his motion papers
> before Magistrate Judge Donio (or relating to his appeal
> now before this Court) is an account of the efforts taken
> beforehand.   Such an account is necessary to take
> advantage of New Jersey's fictitious name rule.

July 2007 Opinion, dkt. item 67 at 13-14.

The Court likewise upheld Magistrate Judge Donio's

determination that Plaintiff's proposed amendment did not relate

back under New Jersey Court Rule 4:9-3.  The Court noted that

relation back of claims is permitted under Rule 4:9-3 if the

Plaintiff meets three requirements:

(1) that the claim asserted in the amended complaint arises out of the conduct or occurrence alleged in the original complaint; (2) that the new defendant(s) received notice of the institution of the action before the statute of limitation expired; and (3) that the new defendant(s) knew (or should have known) that, but for the misidentification of the proper party, the action would have been brought against him or her.

Id. at 15 (citing Viviano v. CBS, Inc., 101 N.J. 538, 553 (1986)).  Magistrate Judge Donio determined that Plaintiff failed to show that the new defendants had received actual or constructive notice of his action before the expiration of the statute of limitations, and rejected Plaintiff's argument that the coverage of Plaintiff's case in the news media was sufficient to put the new defendants on notice for Rule 4:9-3 purposes.  The Court found that Magistrate Judge Donio did not err in holding that Plaintiff did not meet Rule 4:9-3's notice requirements. Id. at 17.  Finding no error in Magistrate Judge Donio's ruling that Plaintiff had failed to establish grounds for relating his new claims back to the date of his original filing under F. R. Civ. P. 15(c), the Court affirmed the denial of Plaintiff's motion to amend.

   3.   Alleged Errors in the July 2007 Opinion

     Plaintiff argues that reconsideration is warranted because the Court overlooked various factual matters and legal authority in its July 2007 Opinion.  The Court disagrees and will deny the motion for reconsideration.

Plaintiff first identifies several alleged errors in the Court's decision to uphold Magistrate Judge Donio's determination that Plaintiff was ineligible for relation back under Rule 4:26-4 on account of his failure to demonstrate that he exercised due diligence to ascertain the proposed defendants' true identities before and after filing the Complaint.  Plaintiff's first argument, which he claims the Court overlooked, is that he was diligent in trying to identify the new defendants prior to the expiration of the statute of limitations, but that he relied to his detriment on information supplied to him by the City of Camden in a separate Municipal Court action falsely stating that there were no police department reports about the events of May 31, 2002.  (Pl.'s Br. 7-8.)

Contrary to Plaintiff's argument, the Court did not overlook this fact.  Rather, it noted that although it was troubled by Plaintiff's allegation concerning the Municipal Court proceedings, those allegations simply did not explain Plaintiff's lack of diligence in failing to solicit the identities of the new defendants from his own eyewitnesses until over two years _after_ the expiration of the statute of limitations on his claims.  July 2007 Opinion, dkt. item 67 at 14.  Under New Jersey law, "the meaning of due diligence will vary with the facts of each case."  See DeRienzo, 357 F.3d at 354 (citation omitted).  In this case, as the Court explained in the July 2007 Opinion, Plaintiff's own

10

eyewitnesses had information critical to identifying the potential defendants since May 31, 2002.  The nondisclosure of the police reports in the Municipal Court action does not absolve Plaintiff of the duty to "investigate all potentially responsible parties in a timely manner to cross the threshold for due diligence."  Id. (internal quotations and citations omitted).

To the extent that the Defendants' Municipal Court discovery response could have any conceivable bearing on Plaintiff's lack of diligence in gathering information from his own eyewitnesses, the Court notes that Defendants provided Plaintiff with the police reports in question in their December 23, 2004 F. R. Civ. P. 26 disclosures in this action.  (Primas Cert. Ex. A.) Plaintiff nonetheless did not utilize his eyewitnesses' information until July 11, 2006, more than eighteen months after the reports were disclosed.[6]  This fact underscores the Court's conclusion in the July 2007 Opinion that Plaintiff's lack of diligence in using his witnesses to identify the new defendants prior to the expiration of the statute of limitations had nothing to do with the availability of the police reports.  Because the Court addressed and appropriately rejected this argument in the July 2007 Opinion, reconsideration is not called for.  See Lentz

_____

[6]  Moreover, of the seven officers Plaintiff seeks to add in his proposed second amended complaint, only two – Officer William Reese and Sergeant William Frampton – are even referenced in the police reports and rosters disclosed by Defendants.  (Primas Cert. Ex. A.)

11

v. Mason, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) ("recapitulation
of the cases and arguments considered by the court before
rendering its original decision fails to carry the moving party's
burden") (citation omitted).

Plaintiff next contends that the Court's Rule 4:26-4
analysis overlooked the fact that "it took a Court Order to
compel [Defendants to permit the] review of the photographs by
plaintiff's eyewitnesses." (Pl.'s Br. 8.)  Although the Court
did not specifically discuss the Order compelling discovery in
its July 2007 Opinion, it did not overlook the significance of
this fact.  Instead, the Court explained that

> Magistrate Judge Donio correctly points out that
> Plaintiff failed to demonstrate that he acted with the
> requisite due diligence in identifying the seven proposed
> defendants prior to the expiration of the statute of
> limitations as he is required to do.  Plaintiff's
> arguments focus on his efforts to identify the seven
> proposed defendants only after May 31, 2004, the date of
> expiration.

July 2007 Opinion, dkt. item 67 at 13-14; see also DeRienzo, 357
F.3d at 353 ("N.J.R. 4:26-4 is not available if a plaintiff
should have known, by exercise of due diligence, defendant's
identity prior to the expiration of the statute of limitations").
Plaintiff did not seek the order compelling discovery [Docket
Item 44] until May 2006, nearly two years after the statute of
limitations had expired.  The discovery order proffered by
Plaintiff is simply another example of his "efforts to identify
the seven proposed defendants . . . after May 31, 2004." July

2007 Opinion, dkt. item 67 at 14.  The Court did not overlook
such efforts, but instead found them to be irrelevant to the
issue of Plaintiff's diligence prior to the expiration of the
statute of limitations.  The discovery order cited by Plaintiff
thus provides no basis for reconsideration.[7]

Plaintiff further contends that reconsideration is warranted
because the Court overlooked two cases permitting relation back
under Rule 4:26-4 – <u>Love v. Rancocas Hosp.</u>, No. Civ. 01-5456,
2004 WL 3618261 (D.N.J. Apr. 14, 2004) and <u>DeRienzo v. Harvard
Indus., Inc.</u>, 357 F.3d 348, 353 (3d Cir. 2004).  <u>Love</u> is not a
"controlling decision[]" on the issue of relation back under the
fictitious party pleading provisions of Rule 4:26-4, and, hence,
is not a basis for reconsideration.  L. Civ. R. 7.1(i).  In <u>Love</u>,
the court did not analyze relation back under Rule 4:26-4, but
instead found that the statute of limitations for the plaintiff's
medical malpractice claim was tolled by New Jersey's "discovery
rule."  2004 WL 3618261, at *2 n.3, *4.  In light of Plaintiff's
express concession in his original appeal from the Magistrate
Judge's decision that he is "not making . . . an argument" under

---

[7]   Plaintiff also points out that the Court erred when it
stated in the July 2007 Opinion that one of his eyewitnesses,
Nicole Pangborne, looked at police photographs prior to
Plaintiff's first amendment of the Complaint.  (Pl.'s Br. 8.)
This is not a "dispositive factual matter[]," <u>Resorts
International, Inc. v. Greate Bay Hotel and Casino, Inc.</u>, 830 F.
Supp. 826, 831 (D.N.J. 1992), and the Court's misstatement of
this fact is not grounds for reconsideration.

the "discovery rule," (Pl.'s Br. 15 n.1), his reliance on Love in
his motion for reconsideration is misplaced.

With regard to DeRienzo, the Court did not overlook the
case, but in fact cited it when setting out the standard for Rule
4:26-4 analysis.  See July 2007 Opinion, dkt. item 67 at 13; see
also Resorts International, Inc. v. Greate Bay Hotel and Casino,
Inc., 830 F. Supp. 826, 831 (D.N.J. 1992) ("Only dispositive
factual matters and controlling decisions of law which were
presented to the court but not considered on the original motion
may be the subject of a motion for reconsideration.") (emphasis
added).  In any case, DeRienzo is not at odds with the July 2007
Opinion.  In DeRienzo, the court found that where the plaintiff
"consistently took active steps to identify" the defendant,
DeRienzo, 357 F.3d at 355, both before and after the expiration
of the statute of limitations, id. at 353, he satisfied the
diligence requirement of Rule 4:26-4.  In contrast with DeRienzo,
as noted in both the Magistrate Judge's opinion and this Court's
July 2007 Opinion, "Plaintiff failed to demonstrate that he acted
with the requisite due diligence in identifying the seven
proposed defendants prior to the expiration of the statute of
limitations."  July 2007 Opinion, dkt. item 67 at 13.  DeRienzo
thus provides no basis for the Court to reconsider its decision.

Finally, Plaintiff urges the Court to reconsider its
decision to affirm Magistrate Judge Donio's ruling that

14

Plaintiff's proposed amendment did not relate back under New
Jersey Court Rule 4:9-3 because he failed to satisfy the rule's
notice requirements.[8]  As the Court noted, <u>supra</u>, to take
advantage of Rule 4:9-3, a Plaintiff must prove, <u>inter alia</u>, that
"the new defendant had sufficient notice of the institution of
the action not to be prejudiced in maintaining his or her
defense" and that "the new defendant knew or should have known
that, but for the misidentification of the proper party, the

---

[8]  The majority of Plaintiff's arguments for reconsideration
of the Court's Rule 4:9-3 analysis constitute word-for-word
repetitions of the arguments presented in the original appeal of
Magistrate Judge Donio's Order.  As the Court noted, <u>supra</u>, on a
motion for reconsideration, "recapitulation of the cases and
arguments considered by the court before rendering its original
decision fails to carry the moving party's burden."  <u>Lentz</u>, 32 F.
Supp. 2d at 751 (citation omitted).  The Court will not consider
those Rule 4:9-3 arguments that merely rehash the same arguments
already presented to the Court.

However, one such argument, which the Court did not
expressly address in the July 2007 Opinion and which therefore
warrants a brief word here, is Plaintiff's claim that the
proposed defendants should have been on notice of this suit
because "there was at least one other lawsuit pending related to
this matter in this Court." (Pl.'s Br. 12) (citing <u>Tobias v.
City of Camden</u>, Civil Action No. 03-1915 (RMB)).  The Court does
not agree with Plaintiff that the existence of another lawsuit
brought by different plaintiffs over the events of May 31, 2002
undermines Magistrate Judge Donio's conclusion that Plaintiff
failed to prove that "the new defendant[s] had notice of the
action prior to the running of the statute of limitations." <u>Love
v. Rancocas Hosp.</u>, 270 F. Supp. 2d 576, 581 (D.N.J. 2003).  This
is because Rule 4:9-3 "expressly requires 'notice of the
institution of the action,' not just of a claim." <u>Otchy v. City
of Elizabeth Bd. of Educ.</u>, 325 N.J. Super. 98, 107 (App. Div.
1999).  At most, additional lawsuits over the May 31, 2002 fracas
would alert the proposed defendants to the existence of a
potential claim, not the actual institution of Plaintiff's
action.  Accordingly, reconsideration on these grounds is
unwarranted.

action would have been brought against him or her." <u>Viviano</u>, 101

N.J. at 553.  With regard to Rule 4:9-3, Plaintiff argues that

> [j]ust days after this incident, Captain Richardson of
> the Camden City Police Department was interviewed by the
> local media and stated that the matter would be
> investigated internally.  Once again, plaintiff
> detrimentally relied upon something defendants told him.
> Plaintiff should not be penalized for the defendant
> Police Department's decision to wait until February 2005
> to internally investigate this matter- when this
> defendant was aware of it just days after it occurred.

(Pl.'s Br. 9) (internal citation omitted).  Plaintiff cites no

authority for the implicit proposition in his argument that the

Court can discount Rule 4:9-3's notice requirement for the

equitable considerations he advances.[9]  Finding no error in the

Court's July 2007 Opinion affirming Magistrate Judge's

determination that Plaintiff failed to satisfy Rule 4:9-3's

notice requirement, the Court will deny Plaintiff's motion for

reconsideration.

### B.  Motion for Interlocutory Review

Plaintiff argues that if the Court denies his motion to

reconsider the July 2007 Opinion, it should certify that Opinion

for interlocutory review.  Under 28 U.S.C. § 1292(b),

interlocutory review is appropriate if (1) the appeal involves a

---

[9]  Even if the Court were to take such equitable
considerations into account, it agrees with Defendants that the
"proposed defendants . . . would be the ones to be penalized if
the Court found them to be on constructive notice just because
the City <u>should</u> <u>have</u> investigated the matter earlier."  (Defs.'
Opp'n Br. 2.)

16

controlling question of law; (2) there is a "substantial ground for difference of opinion" about that question of law; and (3) immediate appeal may materially advance the ultimate termination of the litigation.[10]  Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  "Interlocutory appeal under § 1292(b) is used sparingly," Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996) (internal quotations and citations omitted), where "exceptional circumstances justify the departure from the general rule that appellate review is only available after a final order," Levine v. United Healthcare Corp., 285 F. Supp. 2d 552, 556 (D.N.J. 2003) (internal quotations and citations omitted).  The decision to certify a question for interlocutory review is "is wholly within the discretion of the courts, even if the criteria are present."  Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).

---

[10]  Section 1292(b) provides in relevant part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

28 U.S.C. § 1292(b).

Plaintiff argues that all three criteria are met here. Whether Plaintiff is permitted to amend his complaint involves a "controlling question of law," he argues, because "[s]hould plaintiff not be permitted to add the additional defendants at this time, the matter will have to be tried to conclusion, appealed, and then, possibly, tried again." (Pl.'s Br. 13.) Plaintiff argues that there are grounds for differences over this question of law because "another judge may review plaintiff's motion, the actions by defendant City here, and the general liberality with which motions to amend are to be granted, and, accordingly, grant plaintiff's motion." (Id.) Finally, Plaintiff contends that certifying the question will advance the termination of this case because his case should be tried only once. (Id.)

The Court does not agree that the proposed appeal involves a controlling issue of law about which there are substantial grounds for differences of opinion, and will thus deny Plaintiff's motion for interlocutory review. As to whether the proposed appeal involves a controlling question of law, Plaintiff has not argued that the Court applied the wrong legal standard in either its Rule 4:26-4 or its Rule 4:9-3 analyses. Plaintiff has not brought to the Court's attention a single case in which a court found that a different legal standard controlled its

18

analysis under either rule.[11]  Indeed, Plaintiff, Defendants,
Magistrate Judge Donio, and this Court all employed the same
criteria to determine whether relation back is permitted under
either rule, and for the most part, all relied upon the same
authorities.  Plaintiff's dispute is not about the applicable
legal standards in this case, but instead focuses on the Court's
application of these standards to the facts of Plaintiff's case.
Section 1292(b), however, "was not designed to secure appellate
review of . . . the application of the acknowledged law to the
facts of a particular case." Hulmes v. Honda Motor Co., Ltd.,
936 F. Supp. 195, 210 (D.N.J. 1996).  In short, there is not a
"controlling question of law" appropriate for appellate review,
making certification under section 1292(b) inappropriate. Katz,
496 F.2d at 754.

     For largely the same reasons, the Court does not agree with
Plaintiff that there is a "substantial ground for difference of
opinion" about the question of law he seeks to certify for
interlocutory review. Id.  Again, Plaintiff has not identified
"conflicting and contradictory opinions on the same issue" or
other indicia to suggest that such a difference of opinion

---

     [11]  As the Court discussed, supra, Plaintiff makes an
inapposite reference to Love v. Rancocas Hosp., No. Civ. 01-5456,
2004 WL 3618261 (D.N.J. Apr. 14, 2004).  That the court in Love
applied a different legal standard to a different legal issue
does not, of course, raise any doubts about the legal standard
that applies to either of the rules at issue in this case.

exists.  <u>Arista Records, Inc. v. Flea World, Inc.</u>, No. 03-2670,
2006 WL 2882990, at *3 (D.N.J. Oct. 10, 2006).  Plaintiff's
reference to "the general liberality with which motions to amend
are to be granted," (Pl.'s Br. 13), does not suffice to indicate
the existence of a substantial ground for difference of opinion,
because there is no dispute that an exception to this general
principle exists "if the amendment would be futile."  <u>Adams</u>, 739
F.2d at 864.

   Finally, in light of the absence of a material dispute over
a controlling issue of law in the July 2007 Opinion, the Court
does not find that immediate appeal will advance the ultimate
termination of this litigation.  <u>Katz</u>, 496 F.2d at 754.
Certifying for appellate review an issue where the legal standard
is clear would not advance the termination of this case, but
would do just the opposite.  Finding that Plaintiff has failed to
show that there is a question of law suitable for interlocutory
review in this case, the Court will deny Plaintiff's motion for
certification under section 1292(b).

**III.  CONCLUSION**

   For the reasons discussed above, the Court will deny
Plaintiff's motion for reconsideration and/or to certify the

20

issues addressed in its July 2007 Opinion for interlocutory

appeal.  The accompanying Order will be entered.


**February 8, 2008**                    **  s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

21